166 F.3d 1220
 98 CJ C.A.R. 438
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Linda J. BURCH, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
 No. 95-6352.
 United States Court of Appeals, Tenth Circuit.
 Jan. 15, 1999.
 
 1
 Before SEYMOUR, Chief Judge, PORFILIO and EBEL, C.J.
 
 
 2
 ORDER AND JUDGMENT*
 
 
 3
 SEYMOUR.
 
 
 4
 This is an appeal from a judgment entered in favor of an insurer in an action brought by an insured seeking payment of benefits under the uninsured/underinsured benefits portion of an insurance policy. The district court held that under Buzzard v. Farmer's Ins. Co., 824 P.2d 1105 (Okla.1991), an underinsured motorist carrier is not obligated to pay the portion of the insured's damages that would have been covered by the tortfeasor's liability coverage limits. The insured appealed.
 
 
 5
 Under the Uniform Certification of Questions of Law Act, Okla.Stat. tit. 20, §§ 1601, et seq. (1991), we certified to the Oklahoma Supreme Court the following question: "When an insured's damages in an automobile accident exceed a tortfeasor's liability limits and the insured seeks payment for damages directly from its underinsured motorist (UIM) carrier, is the UIM carrier liable for the entire amount of the insured's claim when the liability and UIM coverage are provided by the same carrier but the statute of limitations period has expired on the liability claim?" The Supreme Court of Oklahoma, on the facts submitted to it by our court in the certification, held that the answer under Oklahoma law is "Yes." Burch v. Allstate Ins. Co., No. 88,546, 1998 WL 917312 (Okla. Dec.22, 1998).
 
 
 6
 In light of the response under Oklahoma law, which controls, we REVERSE the judgment entered by the district court and REMAND for reconsideration and further proceedings. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3